IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

METROPOLITAN WASHINGTON DC      :
FEDERATION OF MUSICIANS,
LOCAL 161-171                   :

    v.                          :        Civil Action No. DKC 09-2104

                                :

WASHINGTON DC PHILHARMONIC
ORCHESTRA SOCIETY, INC.         :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is Plaintiff's motion for default judgment.  (Paper 8).  Plaintiff requests the court to compel Defendant to participate in arbitration.  Defendant has not responded to Plaintiff's complaint or subsequent motions.  The court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary.  For the reasons that follow, Plaintiff's motion will be granted.

**I.  Background**

According to the complaint, in March 2009, the parties entered into an agreement for the recruitment of an orchestra, holding of rehearsals, and production of two concerts at Strathmore in Bethesda, Maryland.[1]  The concerts were to be held on April 9, 2009, and April 10, 2009, respectively.  Under the agreement, Defendant was required to make a twenty-five percent (25%) down payment of estimated costs by April 1, an additional twenty-five

---

[1] The copy of the contract attached to Plaintiff's complaint is unsigned, and is a Memorandum of Agreement effective from April 1, 2009, through May 31, 2009, not the March agreement.

percent (25%) estimated payment before either of the concerts took place, and the remaining actual costs within one week of the last concert date.

On April 2, 2009, Defendant tendered two checks to Plaintiff, both of which were dishonored by its bank.  On April 6, 2009, Defendant provided Plaintiff with cashier's checks totaling $32,000, which represented the initial twenty-five percent (25%) down payment.  No additional payments were made, however, and on April 8, 2009 – the day before the first scheduled concert – both concerts were cancelled.

After informal attempts to resolve the contractual dispute proved unsuccessful, Plaintiff filed a grievance under the parties' Memorandum of Agreement, which required submission to binding arbitration.  Subsequent requests for Defendant's cooperation with the arbitral process went unanswered.

On August 10, 2009, Plaintiff filed this action seeking to compel arbitration pursuant to the agreement.  The complaint was served on Defendant on August 24, 2009 (paper 5), and when Defendant failed to respond, Plaintiff moved for entry of default (paper 6).  Default was entered on October 22, 2009.  (Paper 7).  Plaintiff now moves for entry of a default judgment.  (Paper 8).

## II.  Standard of Review

Entry of default judgment is left to the discretion of the court.  *Dow v. Jones*, 232 F.Supp.2d 491, 494 (D.Md. 2002).  The

Fourth Circuit has a "strong policy" that "cases be decided on their merits," *id.* at 494-95 (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), but default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party. *S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980). Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not. *Lawbaugh*, 359 F.Supp.2d at 422.

## III. Analysis

"[W]hen a union demands arbitration and the employer expressly refuses, 'a cause of action to compel arbitration accrues, and the limitations period begins, with the refusal to arbitrate.'" *United Steel, Paper And Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers Intern. Union AFL-CIO/CLC, Local No. 850L v. Continental Tire North America, Inc.*, 568 F.3d 158, 162 (4th Cir. 2009) (quoting *Local 1422, International Longshoremen's Association v. South Carolina Stevedores Association*, 170 F.3d 407, 409 (4th Cir. 1999)). In order to prevail on a complaint to compel arbitration, a plaintiff must establish that there is a contract requiring arbitration, that the dispute falls within the scope of the arbitration clause, and that the other party has refused to arbitrate:

> Arbitration of a claim is available only when the parties involved agree to arbitration by contract. *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582, 80 S.Ct. 1347, 1352-53, 4 L.Ed.2d 1409 (1960). Whether parties must arbitrate a particular dispute is for the courts to decide on the basis of the contract. *Warrior & Gulf*, 363 U.S. at 582, 80 S.Ct. at 1352-53; *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 546-47, 84 S.Ct. 909, 912-13, 11 L.Ed.2d 898 (1964). However, when deciding whether a dispute is arbitrable, courts may not judge the merits of the claim put forward. *United Steelworkers of America v. American Mfg. Co.*, 363 U.S. 564, 568, 80 S.Ct. 1343, 1346-47, 4 L.Ed.2d 1403 (1960). Even claims that courts might deem without merit are entitled to arbitration if the parties agreed in their contract that such issues were arbitrable. *American Mfg. Co.*, 363 U.S. at 567-68, 80 S.Ct. at 1346. Because arbitration is the preferred method for settling labor disputes, any doubts should be decided in favor of arbitration. *Warrior & Gulf*, 363 U.S. at 582-83, 80 S.Ct. at 1352-53. However, if the agreement specifically excludes a subject from arbitration, courts are not free to ignore the plain wording of the agreement and must decline to compel arbitration. *District 50, United Mine Workers of America v. Chris-Craft Corp.*, 385 F.2d 946, 949-50 (6th Cir. 1967).

*General Drivers, Warehousemen and Helpers Local Union No. 509 v. Ethyl Corp.*, 68 F.3d 80, 83 (4th Cir. 1995).

Here, the contract between the parties provides for arbitration of "any controversy or claim arising out of or relating to this contract, or breach thereof." (Paper 1, Ex. 1, at Art. VII).  Plaintiff has requested that Defendant participate in arbitration and has filed a grievance, but Defendant has not cooperated.  By its default, Defendant has acknowledged the truth

of the factual allegations in the complaint, which establish Plaintiff's entitlement to relief. Accordingly, by separate order, Plaintiff's motion for judgment by default will be granted, and an order compelling Defendant to participate in arbitration will be entered.

Plaintiff also seeks attorney's fees incurred in bringing this action. The contract, however, does not provide for fee-shifting in the event of a breach, and Plaintiff does not refer to any provision of law providing for such an award. Thus, costs are recoverable as normal and may be taxed by the clerk.


_____/s/_____
DEBORAH K. CHASANOW
United States District Judge